IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL BUNDAY, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | No. 13-3437 |
| | : | |
| JEROME WALSH, et al., | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

RICHARD A. LLORET                                                                                 May 9, 2022
U.S. MAGISTRATE JUDGE

Before me is Nathaniel Bunday's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which has been referred to me for a report and recommendation.  Doc. Nos. 43, 46.  Mr. Bunday raises five claims challenging his sentence of twenty-eight years to life imprisonment.  Doc. Nos. 1, 18, 19.  The Commonwealth argues that Mr. Bunday's claims are meritless and procedurally defaulted.  Doc. No. 45.  However, I find that Mr. Bunday has failed to exhaust his habeas claims in state court and still has an opportunity to do so.  The parties may present additional briefing on this issue.  The Commonwealth is directed to file a brief by May 23, 2022 on whether Mr. Bunday still has an opportunity to exhaust his habeas claims in state court. Mr. Bunday may respond by June 6, 2022.

## FACTUAL AND PROCEDURAL BACKGROUND

ln 1994, seventeen-year-old Mr. Bunday was charged with murder and various other charges.  See Court of Common Pleas of Montgomery County Dkt. No. CP-46-CR-0014990-1994 (Hereafter "Dkt.").  The following year, Mr. Bunday was convicted by a jury of second-degree murder and sentenced to life imprisonment without parole. Commonwealth v. Bunday, No. 430 EDA 2018, 2018 WL 6321925, at *1 (Pa. Super. Ct. Dec. 4,

2018).

After the Supreme Court's decision in Miller v. Alabama, 567 U.S. 460 (2012), holding it was a violation of the Eighth Amendment to mandate that juvenile homicide offenders be sentenced to life imprisonment without parole, Mr. Bunday filed his habeas petition, arguing that his mandatory life without parole sentence was unconstitutional. Doc. No. 1, at 8. Because Mr. Bunday also had filed a petition for relief pursuant to Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. § 9541 et seq. ("PCRA"), this Court stayed his habeas petition until the conclusion of his state proceedings. Doc. No. 11.

In 2016, the Pennsylvania trial court resentenced Mr. Bunday to twenty-eight years to life imprisonment. Dkt. at 4. Mr. Bunday appealed, arguing that his maximum sentence of life imprisonment was illegal, but the Superior Court denied his claims and affirmed his judgment of sentence. Doc. No. 45, Ex. C; Bunday, 2018 WL 6321925.

In January 2019, Mr. Bunday notified this Court that his state court proceedings had concluded and this Court lifted the stay on his habeas petition. Doc. Nos. 15, 16. Mr. Bunday later amended his habeas petition to add five claims concerning his new sentence[1] and moved for a stay while he litigated the claims in another PCRA petition. Doc. Nos. 18, 19, 34. In March 2020, this Court granted Mr. Bunday's motion to stay the case while his PCRA claims were pending in state court. Doc. No. 37.

In September 2021, both Mr. Bunday and the Commonwealth notified this Court that his state court proceedings had concluded. Doc. Nos. 40, 42. As a result, the Court lifted the stay on his habeas petition. Doc. No. 43. This Court entered an order permitting Mr. Bunday to file a

---

[1] Mr. Bunday sufficiently amended his habeas petition by raising his claims in his motion to amend, which this Court granted. See Doc. Nos. 18, 19; see also Leamer v. Fauver, 288 F.3d 532, 547 (3d Cir. 2002) (pro se claims may be construed liberally).

brief in support of his claims, but he did not do so.   Doc. No. 44.

## DISCUSSION

Mr. Bunday raises five claims related to his sentence of twenty-eight years to life imprisonment: (1) the trial court failed to impose an individualized sentence pursuant to Miller, 567 U.S. 460, and Montgomery v. Louisiana, 577 U.S. 190 (2016); (2) the trial court sentenced him pursuant to a statute that has been declared unconstitutional; (3) the trial court violated the Ex Post Facto clauses of the Constitution by sentencing him under 18 Pa. C.S. § 1102 to more than time served; (4) the trial court imposed a standard maximum term of life without considering his individualized circumstances; and (5) the trial court denied him a full and fair hearing to make the necessary findings for a constitutional sentence.   See Doc. No. 18 at 2.

Before seeking federal habeas relief, a petitioner must exhaust all available state court remedies, "thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights."   Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also 28 U.S.C. § 2254(b)(1).   A petitioner must "have fairly presented his constitutional and federal law issues to the state courts through direct appeal, collateral review, state habeas proceedings, mandamus proceedings, or other available procedures for judicial review."   Baker v. Garman, No. 19-236, 2019 WL 2010902, at *2 (M.D. Pa. May 7, 2019).   "[A] state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted state remedies as to any of his federal claims."   Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.").

On direct appeal from his resentence of twenty-eight years to life imprisonment, Mr.

3

Bunday raised two state law claims unrelated to his current claims: (1) the trial court erred in sentencing him to maximum term of life imprisonment under Pennsylvania law; and (2) the trial court erred in considering his alleged failure to complete violence prevention classes. Doc. No. 45, Ex. C; Bunday, 2018 WL 6321925, *3-*5. The Superior Court denied the claims and Mr. Bunday did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Bunday, 2018 WL 6321925, *3-*6; Dkt. at 22-23.

Mr. Bunday subsequently filed a pro se PCRA petition raising the five claims included in his amended habeas petition. Doc. No. 45, Ex. E, at 3A. However, he later amended his PCRA petition with the assistance of counsel to raise only one claim: his appellate counsel was ineffective for failing to advise him of his right to file a petition for allowance of appeal with the Pennsylvania Supreme Court. Id., Ex. F. In December 2020, the PCRA court granted Mr. Bunday's amended PCRA petition and reinstated Mr. Bunday's right to file a petition for allowance of appeal with the Pennsylvania Supreme Court. Id., Ex. G.

In March 2021, Mr. Bunday filed a petition for allowance of appeal raising his first claim to the Superior Court. See id., Ex. H, at 3 ("Was Petitioner's maximum sentence of life imprisonment illegal where neither our Supreme Court nor the Pennsylvania General Assembly has addressed re-sentencing procedures for juvenile, who were convicted of second-degree murder pre-Miller v. Alabama, 567 U.S. 460 (2012)). On August 3, 2021, the Pennsylvania Supreme Court denied the petition for allowance of appeal. See Doc. No. 45, Ex. I. Mr. Bunday did not seek certiorari from the U.S. Supreme Court and his new sentence became final on November 1, 2021, ninety days after the Pennsylvania Supreme Court denied his petition. See Dkt. at 28; Gonzalez v. Thaler, 565 U.S. 134, 149-50 (2012) (where state court permitted petitioner to file an out-of-time direct appeal, that new appeal reset the clock and petitioner's judgment of sentence

4

became final at expiration of time for seeking certiorari from United States Supreme Court); Commonwealth v. Feliciano, 69 A.3d 1270, 1275 (Pa. Super. Ct. 2013) (judgment of sentence became final 90 days after the Pennsylvania Supreme Court denied the petition for allowance of appeal).

The Commonwealth argues that Mr. Bunday exhausted his fourth habeas claim concerning his maximum term of life in prison during his direct appeal and his other habeas claims are procedurally defaulted because Mr. Bunday failed to exhaust them and he no longer has the right to raise them in state court.  Doc. No. 45 at 19-25.  I disagree.  First, during his direct appeal, Mr. Bunday based his arguments concerning his maximum term of life imprisonment on Pennsylvania case law and statutory law rather than Miller and Montgomery and the United States Constitution.[2] See id., Ex. C, Ex. H. at 3; Bunday, 2018 WL 6321925, *1-*2.  Second, although Mr. Bunday failed to exhaust all of his habeas claims in state court, they are not procedurally defaulted because he still has the opportunity to raise them in a PCRA petition.[3]  See Coleman, 501 U.S. at 732 (claim is procedurally defaulted if it is exhausted and "there are no state remedies any longer 'available' to him"); 42 Pa. C.S. § 9543(a)(2)(i) (petitioner may seek PCRA relief on the basis that his sentence resulted from a violation of the United States Constitution); id. § 9545(b)(1) (PCRA

---

[2] Although this Court stated in an earlier Report and Recommendation that Mr. Bunday raised his fourth habeas claim in his direct appeal, Mr. Bunday's state court pleadings show that he failed to fairly present his claim for federal relief to the state courts.  See Doc. No. 35, at 4.

[3] The Commonwealth argues that Mr. Bunday's judgment of sentence became final on January 3, 2019 based on this Court's statement in an earlier Report and Recommendation.  Doc. No. 45 at 21 n.3.  However, that statement was made before the state court reinstated Mr. Bunday's right to file a petition for allowance of appeal with the Pennsylvania Supreme Court, which extended the date on which his judgment became final until November 1, 2021.  See id., Ex. G; supra at 4.  Mr. Bunday therefore has one year from that date or until November 2, 2022 to file a PCRA petition challenging the constitutionality of his new sentence.  See 42 Pa. C.S. §§ 9543(a)(2)(i), (b)(1).

petition "shall be filed within one year of the date the judgment becomes final"). However, I shall enter an order allowing the parties to provide further briefing on this issue.

                                                              BY THE COURT:

                                                        /s/ Richard A. Lloret
                                                        RICHARD A. LLORET
                                                        U.S. MAGISTRATE JUDGE